UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS PATTERSON, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-170 |
| | ) |
| BILL GIBBONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to dismiss filed by two of the defendants in this case. Defendant Bill Gibbons ("Gibbons") filed a motion to dismiss the complaint, [Doc. 7]. The plaintiff filed a response, [Doc. 10], opposing the dismissal. Defendant Auto-Owners Insurance Company ("Auto-Owners") filed a motion to dismiss the complaint [Doc. 19]. The plaintiff has responded, [Doc. 38], and Auto-Owners has replied. [Doc. 41]. Defendant Auto-Owners filed a motion for summary judgment, [Doc. 43]. In response, the plaintiff filed a motion to defer ruling on the motion for summary judgment, [Doc. 47], to which defendant Auto-Owners responded. [Doc. 48]. The matters are ripe for review.

**I. FACTS**

This suit was originally brought in the Middle District of Tennessee. However, the District Court in the Middle District found that the plaintiff ("Patterson") failed to sufficiently allege venue and transferred the case to this district. According to the complaint, Patterson owns a 1994 Ford truck. [*Id.* ¶ 46]. On July 15, 2015, defendant Marshall Hicks, a Bradley County sheriff's deputy asked the plaintiff for the keys to his truck. [*Id.* ¶ 50]. Patterson gave Hicks the

1

keys and Hicks informed Patterson that the truck was being seized for allegedly using the vehicle in conjunction with the transport and sale of illegal narcotics. [*Id.* ¶¶ 51-52]. According to the complaint, "it is alleged that on July 29, 2014, Plaintiff and another person drove to a house in Plaintiff's truck and while the other person was in the house the other person sold a pill in the presence of a confidential informant for $20.00." [*Id.* ¶ 47]. Hicks provided Patterson a Notice of Seizure. [*Id.* ¶ 56]. On August 17, 2017, 32 days after the truck was seized, Hicks obtained a forfeiture warrant after presenting an affidavit to a state judge. [*Id.* ¶ 58].

Patterson was notified on September 17, 2015, that the forfeiture warrant had been issued. [*Id.* ¶ 61]. An administrative forfeiture hearing was "established" on November 13, 2015 and the hearing was set for December 14, 2015. [*Id.* ¶ 62]. On December 14, 2015, Patterson appeared for the forfeiture hearing but the hearing was continued, allegedly over Patterson's objection. [*Id.* ¶ 67]. Patterson alleges that at the time the complaint was filed, no new hearing date had been set. [*Id.* ¶ 67].

Patterson's first claim is that the defendants "seized and are continuing to seize Plaintiff's vehicle without a warrant" in violation of the Fourth and Fourteenth Amendments. Patterson requests the return of his vehicle, attorney fees, and "an injunction prohibiting Tennessee law enforcement officers from seizing non-contraband property from private property without a warrant or where there is a 'specifically established and well delineated exception' to the warrant requirement." [*Id.* ¶ 94-95]. Patterson's second claim alleges that Tennessee's criminal forfeiture statute, Tennessee Code Annotated § 53-11-541(B)(4) is facially unconstitutional and unconstitutional as applied. Patterson also alleges the defendants have violated the defendant's civil rights in violation of 42 U.S.C. § 1983 and § 1988. Patterson seeks a declaratory judgment regarding the unconstitutionality of the forfeiture statute.

According to the plaintiff's complaint, plaintiff Thomas Patterson ("Patterson") brings this action in his individual capacity, [*Complaint* ¶ 18], and on behalf of the "State of Tennessee on Relationship of Thomas Patterson," [*Id.* ¶ 14]. Patterson has brought suit against Bill Gibbons, the Tennessee Commissioner of Safety and Homeland Security, in his individual capacity. [*Id.* ¶ 25]. Patterson also sues "John and Jane Doe State Officers and Employees Covered by Tennessee's blanket security bond" as officers, directors, managers, and employees of the State of Tennessee. [*Id.* ¶ 30]. "Defendant Fidelity and Deposit Company of Maryland is sued as the surety for Defendants Gibbons and each John and Jane Doe covered by Tennessee's blanket surety bond." [*Id.* ¶ 31]. Defendant Marshall Hicks is a Bradley County, Tennessee sheriff's deputy. [*Id.* ¶ 43]. Defendant Auto-Owners Insurance is sued "as the surety for Marshall Hicks on his bond for the violations of the obligations of the bond." [*Id.* ¶ 45].

## II. STANDARD OF REVIEW

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are

3

sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face." I*d.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Moreover, this Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft*, 556 U.S. at 678. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction may be either an attack on the face of the complaint or on the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A factual attack challenges the existence of jurisdiction, apart from the pleadings. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1334 (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). When a factual issue exists in a Rule 12(b)(1) motion, the district court is "free to weigh the evidence and satisfy itself as the existence of its power to hear the case." *Id.* (citing *Mortensen*, 549 F.2d at 890-91). The court is "empowered to resolve factual disputes" arising out of a Rule 12(b)(1) challenge to subject matter jurisdiction. *Id.* (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

### III. ANALYSIS

    a. **Bill Gibbons and State of Tennessee's Motion to Dismiss**

4

The State of Tennessee through the Attorney General, filed the motion on behalf of Gibbons to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. Gibbons argues the complaint should be dismissed pursuant to *Younger* abstention, because the plaintiff lacks standing to initiate a *quo warranto* suit without authorization, and finally because the plaintiff has failed to allege that Gibbons was personally involved in the alleged § 1983 conduct.

Gibbons submits that the plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine because, at the time the complaint was filed, the plaintiff was litigating the state court administrative forfeiture proceeding at the heart of the issues in this case. In response, the plaintiff argues that he does not seek to enjoin the state court administrative forfeiture proceeding nor does he currently have any state court proceeding alleging a constitutional violation under § 1983 or a constitutional challenge to the forfeiture statute.

A federal district court may be prohibited from interfering with pending state court judicial proceedings under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention may be invoked where "(1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding." *Danner v. Bd. of Prof'l. Resp.*, 327 F. App'x 577, 578 (6th Cir. 2009).

While the plaintiff discussed many cases in his brief, he failed to distinguish or even address the Sixth Circuit case most similar to the facts of this matter. In *Loch v. Watkins*, Loch brought claims under § 1983 and state conversion grounds seeking damages, a declaratory judgment, and injunctive relief stemming from the seizure of Loch's vehicle pursuant to the Michigan criminal forfeiture statute. *Loch v. Watkins*, 337 F.3d 574, 576 (2003). Loch's § 1983

5

claims alleged that Michigan's seizure of the vehicle violated the Fourteenth Amendment's due process clause, failure to train on forfeiture procedure resulted in an unlawful seizure and due process violation, forfeiture amounted to a taking without just compensation, and abuse of process. *Id.* at 577. The district court abstained from hearing Loch's claims pursuant to the *Younger* abstention doctrine. *Id.* The Sixth Circuit affirmed. *Id.* at 579. The Sixth Circuit held that the proceedings before the state court were ongoing, that "Michigan's interest in its forfeiture laws is directly correlated with its interest in the enforcement of criminal laws," and "there was no impediment to Loch raising the constitutional issues of this case" in the state forfeiture proceeding. *Id.* Abstention was appropriate where the state litigation was pending and the claims were dismissed without prejudice. *Id.* However, Loch was "free to raise any and all of these claims in federal court when the state proceedings [are] fully completed." *Id.*

When determining if state court proceedings are pending, the Court looks to "see if the state court proceeding was pending at the time the federal complaint was filed." *Loch*, 377 F.3d at 578 (citing *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986)). A state court proceeding "remains pending" until state appellate remedies have been exhausted. *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975)). It is clear from the record that the plaintiff is involved in state court administrative forfeiture proceedings at the time the complaint was filed. The plaintiff admits that he is pursuing his administrative remedies by attaching various filings before the state administrative body and stating that he was seeking a hearing date on the issue at the time the case was initiated and at the time of the pending motions. Additionally, the Court required the plaintiff to submit a status report on whether the state court proceedings were ongoing. As of February 3, 2017, the plaintiff's attorney indicates that the administrative procedure has not concluded. [Doc. 82]. The plaintiff argues that the ongoing state court

6

proceedings do not raise claims for § 1983 violations and thus, the proceedings have no bearing on this matter. While the plaintiff's claim is not requesting the court to directly enjoin the state court administrative procedure, he requests that this Court order the return of his seized vehicle upon a finding in his favor. This requested relief is certainly a direct interference with the administrative forfeiture proceeding which determines whether the state properly seized the vehicle. Additionally, the plaintiff's alleged constitutional violations are directly related to the seizure that is the basis of the plaintiff's state forfeiture administrative proceeding. Plaintiff requests a declaratory judgment that the state cannot continue to seize his vehicle and for the Court to determine that the seizure was unconstitutional, all matters that may be at issue in the contested forfeiture proceeding. Upon this record, the state administrative proceedings have not concluded nor have all appellate remedies been exhausted.

The second consideration is whether the proceedings involve important state interests. The Sixth Circuit in *Loch* found persuasive the Eighth Circuit's holding that "forfeiture proceedings are quasi-criminal in nature and of such a character as to warrant application of the *Younger* doctrine." *Id.* (citing *Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989)). The Court finds no reason that this case is any different from the Michigan forfeiture proceedings in *Loch* where the Sixth Circuit found that the state's interest in forfeiture laws is "directly correlated" with its interest in enforcing criminal laws. *See id.*

Finally, at issue here is whether the plaintiff can assert and have an adequate opportunity to raise his constitutional claims in the state administrative proceedings. State administrative forfeiture proceedings must be conducted in accordance with Tennessee's Uniform Administrative Procedures Act, §§ 4-5-101, *et seq.* The provisions of that statute provide that a person aggrieved by a final agency decision in a contested case is "entitled to judicial review."

7

*Id.* at § 4-5-322(a)(1). Judicial review proceedings are instituted by filing a petition for review in the chancery court of Davidson County. *Id.* at 4-5-322(b)(1)(a). Importantly, the chancery court may "reverse or modify" the administrative decision if it is (1) in violation of constitutional or statutory provisions; (2) in excess of statutory authority of the agency; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) unsupported by evidence that is both substantial and material in light of the record. *Id.* at § 4-5-322(h). "The statute of review expressly contemplates that a petitioner will be afforded an opportunity to raise constitutional issues" or statutory arguments as plaintiff claims in this matter. *See Watts v. Burkhart*, 854 F.2d 839, 847–48 (6th Cir. 1988) (finding that abstention was proper where Tennessee's Uniform Administrative Procedures Act provides an opportunity for a litigant to present constitutional claims upon judicial review).

For the reasons stated above, the *Younger* abstention doctrine applies and the Court will abstain from hearing plaintiffs' claims at this time. Defendant Gibbons's motion to dismiss, [Doc. 7], is GRANTED and the plaintiffs' claims are dismissed without prejudice. Because the defendant's claims are dismissed, the remaining pending motions in this matter, [Docs. 19, 26, 43, 47, 76], are denied as moot.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
